

**Robert Edward THORNTON,
Jr., Plaintiff–Appellant,**

v.

**Susan King MARTIN, Social Security
Administration; Jane L. Warren, So-
cial Security Administration; D.F.
Billett, Administrative Law Judge, De-
fendants–Appellees.**

No. 01–2426.

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 28, 2002.

Decided Feb. 7, 2002.

Robert Edward Thornton, Jr., Appellant
Pro Se.

Before NIEMEYER, LUTTIG, and
TRAXLER, Circuit Judges.

PER CURIAM.

Robert Edward Thornton, Jr., seeks to
appeal the district court's order dismissing
his civil action alleging that the Appellees
improperly handled his social security
case. Finding no reversible error, we af-
firm.

We find that the action is most properly
construed as one under *Bivens v. Six Un-
known Named Agents of Fed. Bureau of
Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971). As noted by the dis-
trict court, Thornton does not specify any
claim against the Appellees other than that
they improperly handled his application for
social security benefits and improperly

evaluated him. Even if we liberally con-
strue his complaint to allege due process
violations, we find that Thornton fails to
state a claim upon which relief may be
granted under *Bivens. See Schweiker v.
Chilicky,* 487 U.S. 412, 428–29, 108 S.Ct.
2460, 101 L.Ed.2d 370 (1988).

Accordingly, we affirm the district
court's order. We dispense with oral ar-
gument because the facts and legal conten-
tions are adequately presented in the ma-
terials before the court and argument
would not aid the decisional process.

*AFFIRMED.*

**Robert Edward THORNTON,
Jr., Plaintiff–Appellant,**

v.

**D.F. BILLETT, Administrative Law
Judge; Carroll H. Crawford, Voca-
tional Expert; Jane L. Warren, DDS
Examiner; Susan King Martin, DDS
Examiner, Defendants–Appellees.**

No. 01–2427.

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 28, 2002.

Decided Feb. 7, 2002.

Robert Edward Thornton, Jr., Pro Se.

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

PER CURIAM.

Robert Edward Thornton, Jr., seeks to appeal the district court's order dismissing his civil action alleging that the Appellees improperly handled his social security case. Finding no reversible error, we affirm.

We find that the action is most properly construed as one under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As noted by the district court, Thornton does not specify any claim against the Appellees other than that they improperly handled his application for social security benefits and improperly evaluated him. Even if we liberally construe his complaint to allege due process violations, we find that Thornton fails to state a claim upon which relief may be granted under *Bivens. See Schweiker v. Chilicky,* 487 U.S. 412, 428–29, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

UNITED STATES of America, Plaintiff–Appellee,

v.

Marcello Brian PARKS, a/k/a Mark, Defendant–Appellant.

No. 01–4346.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 22, 2002.

Decided Feb. 7, 2002.

Thanos Kanellakos, Thanos Kanellakos, P.C., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

OPINION

PER CURIAM.

Marcello Brian Parks pled guilty to one count of bank robbery pursuant to a plea agreement with the Government. Parks' attorney has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for appeal. Parks has filed a pro se supplemental brief raising several issues. Parks first claims that counsel was ineffective for failing to object to the fact stipulation in the plea agreement, failing to file discov-